UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
v.
Case.No.15-TP 60042-BB
CLIFTON DOMOND,
Movant.



MOTION TO TERMINATE SUPERVISED RELEASE AFTER
COMPLETION OF TWO-YEARS OF SUPERVISION
PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)

NOW COMES, Clifton Domond, appearing pro se, and files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).

INTRODUCTION

Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of two years of supervised release ... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

DISCUSSION

Movant Domond respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."

I.

Domond has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's express terms of supervision, fully obeying the law, and diligently complying with the requirements of the Probation Department. Domond has been productive by holding steady employment. He has worked for the same corporation for a little over two years and has made great progress, in which he was promoted three times. He currently holds the title "General Manager". He has also recently gotten engaged and is looking forward to starting a family.

II.

When evaluating his offense conduct, criminal history, and potential for further crimes, Domond believes this court can find that his further and continued supervision is not required because he

meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

Domond meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all condition supervision;

3. No aggravated role in the offense of conviction;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent psychiatric episodes;

7. No identifiable risk to the safety of any identifiable victim; and

8. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

CONCLUSION

WHEREFORE, premises considered, Domond asks this court to terminate his supervised release term early for the aforementioned reasons.

DATED: 2/1/2017

Respectfully Submitted,

Clifton Domond, Pro Se
7737 Biltmore Blvd
Miramar, Fl 33023

CERTIFICATE OF SERVICE

I, Clifton Domond, hereby certify that a true and correct copy of the foregoing Motion to Terminate Supervised Release was served, via U.S. Mail, to the following parties on this 1st day of February, 2017.

7737 Biltmore Blvd
Miramar, Fl 33023

_____
Clifton Domond

Clifton Domond
Case # 15-TP60042-BB
7037 Biltmore Blvd
Miramar Fl 33023

Attn: Judge Beth Bloom
299 E Broward Blvd #108r
Ft. Lauderdale, Fl 33301

MIAMI FL 331
02 FEB 2017 PM 2 L

33301-190122